# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**KEVIN WILLIAMS**  **PLAINTIFF**
**ADC #169904**

v.                    No: 4:23-cv-00453-JM-PSH

**DILL**, *et al.*                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Kevin Williams filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 while incarcerated at the Arkansas Division of Correction's Cummins Unit (Doc. No. 2). Williams has been granted leave to proceed *in forma pauperis*. Doc. No. 3.

The Court has liberally construed[1] Williams' complaint for screening purposes and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

---

[1] *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

Williams alleges that his cell was flooded with rainwater on January 31, 2023, creating "filthy" conditions. Doc. No. 2 at 2. He claims he informed the defendants of these conditions, but they did not provide him with cleaning supplies, and served him lunch and dinner in his cell without it being cleaned first. *Id.* Williams fails to state a claim upon which relief may be granted, for the reasons described below.

The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 832 (1970). To prevail on a conditions of confinement claim, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer,* 511 at 834. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, . . ." *Farmer v. Brennan*, 511 U.S. at 832 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)). The length of time a prisoner is exposed to unsanitary conditions

is relevant to the Court's analysis as is the extent of the unclean conditions. *See Owens v. Scott County Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003). A filthy cell may "be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney,* 437 U.S. 678, 686–87 (1978). *See also Williams v. Delo,* 49 F.3d 442, 446 (8th Cir.1995) (no constitutional violation for inmate confined to a "strip cell" for four days without clothes, water, bedding, a mattress, soap, or other hygiene items); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-964 (8th Cir. 1995) (finding no Eighth Amendment violation when inmate was placed in "strip cell for two days without clothing, bedding, or running water, with a concrete floor, a concrete slab for a bed, and cold air blowing on him").

Williams has not alleged facts establishing that he was denied life's necessities such as food, shelter, and water or that he has suffered an unnecessary or wanton infliction of pain. While Williams alleges that his cell was flooded with rainwater one day, he alleges no facts to support his claim that the water was "filthy" or unsanitary. Furthermore, even if his cell were unsanitary, he does not allege it remained uncleaned for more than one day. While having a flooded cell for a short time may be uncomfortable, more is required to state an Eighth Amendment claim. Additionally, Williams alleges no injury as a result of his flooded cell. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving*

*v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). Williams' claims should therefore be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, Williams' conditions-of-confinement claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is therefore recommended that:

1. Williams' claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

SO RECOMMENDED this 6th day of June, 2023.

_____
UNITED STATES MAGISTRATE JUDGE